# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

METROPOLITAN EDISON COMPANY, : No. 557 MAL 2023
PENNSYLVANIA ELECTRIC COMPANY :
AND PENNSYLVANIA POWER :
COMPANY, :
: Petition for Allowance of Appeal
: from the Order of the
Petitioners : Commonwealth Court
:
:
:
v. :
:
:
:
PENNSYLVANIA PUBLIC UTILITY :
COMMISSION, :
:
Respondent :

METROPOLITAN EDISON COMPANY, : No. 590 MAL 2023
PENNSYLVANIA ELECTRIC COMPANY :
AND PENNSYLVANIA POWER COMPANY :
:
: Petition for Allowance of Appeal
: from the Order of the
v. : Commonwealth Court
:
:
:
PENNSYLVANIA PUBLIC UTILITY :
COMMISSION :
:
:
:
CROSS PETITION OF: VERIZON :
PENNSYLVANIA LLC AND VERIZON :
NORTH LLC :

## **ORDER**

**PER CURIAM**

    **AND NOW**, this 10th day of June, 2024, the Petition for Allowance of Appeal filed

by Metropolitan Edison Company, Pennsylvania Electric Company, and Pennsylvania

Power Company at 557 MAL 2023 is **GRANTED**. The issues, as stated by Petitioners, are:

(1)    Did the PUC violate and exceed its authority under Sections 332(a), 701, 1301, 1304, and 1309 of the Pennsylvania Public Utility Code and fail to follow long-standing judicial precedent when it adopted and applied the FCC's pole attachment regulations to determine that the existing rates charged to Verizon under the Joint Use Agreements are unjust and unreasonable without any consideration of the cost of providing service?

(2)    Did the PUC violate federal law at 47 U.S.C. § 224(c)(2)(B) and fail to follow its own regulations at 52 Pa. Code § 77.3(b) when it failed to consider the interests of the FirstEnergy Companies' electric customers, where the rate reduction and refunds awarded to Verizon in this proceeding will inevitably and substantially increase the rates paid by FirstEnergy Companies' customers?

(3)    Did the PUC violate the Public Utility Code when it awarded Verizon refunds based on the difference between existing rates and the New Telecom Rate, where Verizon failed to demonstrate that the existing rates charged to Verizon under the Joint Use Agreements are unjust and unreasonable under Pennsylvania law, and where the PUC lacks the constitutional and statutory authority to retroactively modify the Joint Use Agreements?

The Application to File Documents Associated with Petition for Allowance Under Seal filed by Metropolitan Edison Company, Pennsylvania Electric Company, and Pennsylvania Power Company is **GRANTED**.

The Cross-Petition for Allowance of Appeal filed by Verizon Pennsylvania LLC and Verizon North LLC at 590 MAL 2023 is **GRANTED**. The issue, as stated by Petitioners, is:

(1)    Whether, in an issue of first impression in Pennsylvania with substantial statewide importance, a PUC refund award must be consistent with the applicable statute of limitations, as the PUC's regulations expressly require, when the PUC has found that a refund is warranted because an electric utility charged and collected unlawfully high pole attachment rates.